## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| LINCOLN MEMORIAL UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 3:25-CV-00048-CDL |
| | ) | |
| MICHAEL CENTER, | ) | |
| | ) | Judge Clay D. Land |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The above-captioned case is presently before the Court on the Joint Motion for Entry of Stipulated Protective Order for Confidential Information (the "Motion") of Plaintiff Lincoln Memorial University ("LMU" or "Plaintiff") and Defendant Michael Center ("Dr. Center" or "Defendant") (collectively, Plaintiff and Defendant are referred to herein as the "Parties"; individually each may be referred to as a "Party") wherein the Parties request that the Court enter an order restricting the use and disclosure of confidential information produced in this matter.

Federal Rules of Civil Procedure 26 provides, in pertinent part, "[a] party or person from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.R. 26(c); *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985).

Having reviewed the Motion and the record, the Court finds good cause for, and the Parties stipulate to, the requested protective order.

**IT IS HEREBY ORDERED THAT:**

1.     <u>**Purposes and Limitations**</u>. Disclosure and discovery activity in the above-captioned matter (this "Action") is likely to involve production of confidential, proprietary, or private information (including information regarding the intellectual property of the Parties and/or third parties) for which special protection from public disclosure and use for any purpose other than this Action is warranted. The Parties therefore stipulate to and request entry of this Stipulated Protective Order (the "Order") by the Court. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Order shall not govern the use of any publicly available information. The Parties further acknowledge that this Order does not allow any Party to file anything under seal. Federal Rule of Civil Procedure 5.2 and the Court's General Orders regarding sealed documents, and other applicable rules set forth the procedures that must be followed and reflect the standards and procedures that will be applied when a Party seeks leave to file material under seal. The Parties agree that all information produced or disclosed in the Action shall be used solely for the prosecution or defense (including

any appeal therefrom) of the Action, and shall not be used for any other purpose unless specifically stated herein or otherwise agreed to between the Parties.

2.    **Application to Parties and Third Parties**. This Order governs the production and exchange, in connection with this Action, of information, documents, and other discovery materials by or between the Parties to this Action, as well as any non-parties to this Action who are subpoenaed or otherwise produce information during this Action (a "Third Party" or "Third Parties"). If discovery is sought in this Action from Third Parties, and the discovery would require a Third Party to disclose or produce Protected Information (as defined below), that Third Party may gain the protections of this Order through a written agreement by that Third Party to be bound by this Order and produce information, documents, and other discovery materials pursuant to its terms. Under such an agreement by a Third Party, the Parties hereto will be bound by this Order with respect to all Protected Information produced by that Third Party. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Protected Information produced by or obtained from any Producing Party (as defined below) until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms and/or otherwise agree with the Producing Party as to protections for the Protected Information.

3.    **Non-Disclosure**. This Order shall not, in any manner, be disclosed to a

jury in any litigation between or among the Parties unless the Parties agree to such disclosure or the relevant court issues an order to disclose this Order. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to the enforcement of any provision of this Order, or unless the Parties agree to use this Order or the relevant court issues an order allowing the use of this Order.

4.    **Protected Information**.

a.    **Confidential Information**. A Party or Third Party producing and/or providing documents, communications, discovery responses (including interrogatory responses, responses to requests for admission, etc.), deposition testimony, photographs, videotapes, data and other materials, or portions thereof, in response to discovery (including, but not limited to, a response to a subpoena) in this Action (the "Producing Party") may designate such material as "Confidential" if the Producing Party reasonably and in good faith believes such material contains confidential commercial, personal, financial, or proprietary information, or other confidential information not already part of the public domain. Upon designation of information as "Confidential Information," such information shall be subject to the provisions of this Order, and any Party receiving such Confidential Information (a "Receiving Party") shall be responsible for safeguarding such all  Confidential

Information in accordance with the requirements of this Order.

      b.    **Attorneys' Eyes Only Information**. A Producing Party may designate as "Attorneys' Eyes Only Information" any documents, communications, discovery responses (including interrogatory responses, responses to requests for admission, etc.), deposition testimony, photographs, videotapes, data and other materials, or portions thereof, it produces in discovery in this Action if the Producing Party reasonably and in good faith believes they contain:

    i.    sensitive technical information, including current research, development and manufacturing information, patent prosecution information;

    ii.    sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors, and potential or actual customers;

    iii.    competitive technical information, including technical analyses or comparisons of competitor's products;

    iv.    competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning;

    v.    trade secrets of the Producing Party, whether or not that information falls into subsections (i) through (iv) above; or

    vi.    any other information, the disclosure of which to non-qualified persons

subject to this Order the Producing Party reasonably and in good faith believes would likely cause harm to its interests.

Upon designation of information as "Attorneys' Eyes Only Information, such information shall be subject to the provisions of this Order, and a Receiving Party shall be responsible for safeguarding all such Attorneys' Eyes Only Information in accordance with the requirements of this Order.

5.    **Designation by Producing Party**. The designation of Confidential Information or Attorneys' Eyes Only Information (collectively, "Protected Information"), as described in Paragraph 4 above, shall be made substantially as follows:

a.    **Document Production**. The document(s) or portions thereof shall be stamped or labeled with the legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY," as appropriate on the relevant page(s), prior to its production, and in a manner that does not interfere with the legibility of the document(s). The Producing Party must limit designations of "CONFIDENTIAL" and "ATTORNEYS" EYES ONLY" to only those parts of documents that the Producing Party contends contain Confidential Information or Attorneys' Eyes Only Information. When Confidential Information or Attorneys' Eyes Only Information is disclosed in a form not appropriate for stamping or labeling with the foregoing legend, such Confidential Information or Attorneys' Eyes Only Information shall be

designated as Confidential Information or Attorneys' Eyes Only Information in writing by the Producing Party at the time it is delivered to the Receiving Party in as clear and unambiguous a manner as possible. If inadvertently produced without such a legend or written notification, the Producing Party shall furnish written notice of the inadvertent production specifically identifying (e.g., by title, Bates range, or other document-specific information) documents which should have contained the legend, and produce a copy of the document(s) with the proper legend, if the form of the document(s) in question is appropriate for stamping or labeling with a legend.

b. **Discovery Responses**. Information may also be designated in answers to interrogatories and responses to requests for admissions by including the words "Confidential" or "Attorneys' Eyes Only" in the specific answers (or portions of answers) to interrogatories or responses to requests for admissions containing Confidential Information or Attorneys' Eyes Only Information. If Protected Information is produced in such a way that it cannot reasonably be physically marked "Confidential" or "Attorneys' Eyes Only," the Producing Party shall communicate such designation in writing at the time of delivery to the Receiving Party in as clear and unambiguous a manner as possible.

c. **Depositions**. To designate any portion of deposition testimony as Confidential or Attorneys' Eyes Only because Protected Information is discussed or referenced, counsel may either: (a) make a good-faith attempt to designate, on the

record, the portions of the transcript that contain Confidential Information or Attorneys' Eyes Only Information; or (b) within fifteen (15) business days of the transcript's delivery to the Parties' counsel of record, designate in writing such transcript portions as Confidential or Attorneys' Eyes Only. During such fifteen (15)-business day period, the Parties shall treat the entire transcript as Attorneys Eyes Only. The failure to timely designate deposition testimony as Protected Information waives any such designation unless otherwise ordered by the Court or agreed in writing by all Parties. The court reporter shall be asked to mark on the face of the transcript the appropriate legend at the beginning and end of any portions of testimony that is Protected Information, and further, to include an obvious legend on the title page of the transcript indicating that the transcript contains Confidential Information or Attorneys' Eyes Only Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Attorneys' Eyes Only. A document or thing shall not lose its Confidential or Attorneys' Eyes Only designation due to its use as a deposition exhibit, and deposition exhibits already bearing a Confidential or Attorneys' Eyes Only legend need not specifically be re-designated as such to retain their protected status.

6. **Authorized and Unauthorized Uses of Protected Information**. Absent prior express written consent of counsel for the Producing Party or a Court

order, materials marked "Confidential" or "Attorneys' Eyes Only" by the Producing Party, and the information contained therein, shall be kept confidential and shall not be used, directly or indirectly, by any Party for any purpose other than the litigation, preparation, and trial of this Action (including pre-trial motion practice and discovery) in accordance with the provisions of this Order. Nothing in this Order shall be construed as limiting a Producing Party's use of its own Protected Information. If the Producing Party disseminates its own Protected Information outside of the confines of this Order in a way that is inconsistent with the information constituting Protected Information, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Protected Information that: (a) is or becomes public knowledge, not in breach of this Order; (b) was acquired by a Party from a non-party having the right to disclose such information; or (c) was learned by a Party as a result of that Party's own independent efforts, investigation or inquiry. If a dispute arises as to disclosure limitations for any specific Protected Information, the burden shall be on the Party seeking unlimited disclosure to prove that such Protected Information was lawfully obtained through the above means or sources. Access to and disclosure of Confidential Information and Attorneys' Eyes Only Information shall be limited to those persons designated as Qualified Persons in Paragraph 7 below.

7.    **Qualified Persons**. For the purposes of this Order, Qualified Persons means:

a.    For Attorneys' Eyes Only Information, such Attorneys' Eyes Only Information may be disclosed by the Receiving Party only to the following persons:

  i.  Counsel of record for the Receiving Party in this Action, including (a) the partners, associates, secretaries, paralegal assistants, personnel and other agents of such counsel to the extent reasonably necessary to render professional services in the Action, and (b) outside copying services, document management services, and graphic services to the extent such vendors are subject to confidentiality obligations to the Receiving Party or outside counsel of record for the Receiving Party at least as protective as this Order;

  ii. An expert, consultant, investigator or technical advisor retained by the Receiving Party or by outside counsel of record for the Receiving Party for purposes of this Action, including their personnel with a need to know, subject to the requirements of Paragraph 8 and additionally (1) who is not a current employee or contractor of a Party, and (2) who at the time of retention is not anticipated to become an employee or contractor of a Party, and (3) as to whom the procedures set forth in Paragraph 9 have been followed;

iii. Any witness during the course of discovery, provided however that Attorneys' Eyes Only information may be disclosed to a witness only if the face of the document designated Attorneys' Eyes Only shows that the witness in question was either an author, recipient, or otherwise involved in the creation of the document. Nothing herein shall prevent disclosure at a deposition or hearing of a document designated as Attorneys' Eyes Only Information to the officers, directors, and managerial- level employees of the Producing Party, or to any employee of the Producing Party who has access to such Attorneys' Eyes Only Information in the ordinary course of such employee's employment;

iv. The Court or any Court personnel, court reporters, and any mediators or neutrals engaged by the Parties in connection with this Action; and

v. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

b.    For Confidential Information, such Confidential Information may be disclosed by the Receiving Party only to the following persons:

i. Those identified in Paragraph 7(a); and

ii. Representatives, officers, employees, or agents of the Receiving Party, only as necessary to assist counsel of record for the Receiving Party with this Action.

8.    **Qualified Persons Bound by Order**. Confidential Information and/or Attorneys' Eyes Only Information shall not be disclosed to persons described in Paragraphs 7(a)(ii) and 7(b)(ii) unless and until such persons are provided a copy of this Order, are advised by the disclosing counsel or Party that they are bound by the provisions of this Order, and executed an Agreement of Confidentiality ("Confidentiality Agreement") in the form attached hereto as Exhibit A.

9.    **Procedures for Approving or Objecting to Disclosure to Experts**.

a.    Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party that seeks to disclose Attorneys' Eyes Only Information to an expert pursuant to Paragraph 7(a)(ii) herein must first make a written request to the Producing Party that (1) identifies the general categories of Attorneys' Eyes Only Information that the Receiving Party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

b.    A Receiving Party that makes a written request pursuant to Paragraph 9(a) and provides the information specified therein may disclose the Attorneys' Eyes

Only Information to the identified expert unless, within five (5) days of delivering the request, the Receiving Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

       c.    A Receiving Party that receives a timely written objection must meet and confer with the Producing Party to try to resolve the matter by agreement within five (5) days of the written objection. In the event of such an objection, no access will be given until the objection is resolved by negotiation or by Court order. In the event the matter is put before the Court by the Receiving Party, the Producing Party shall have the burden of justifying the objection.

       10.    **Filing Confidential Information**. Without written permission from the Producing Party or a court order stating otherwise, any Protected Information that is filed in the public record must be filed in redacted form or under seal. A Party that seeks to file anything under seal must comply with applicable rules and orders concerning filings under seal. If a request to file Protected Information under seal is denied, the submitting Party may file the information in the public record, unless otherwise instructed by the Court.

       11.    **Use of Protected Information at Trial or Other Proceedings**. Information identified as "Confidential" or "Attorneys' Eyes Only" in accordance with this Order may be disclosed in testimony at the trial of this Action or in other proceedings in this matter subject to the procedures identified above concerning

deposition testimony (in Section 5(c)), or as otherwise ordered by the Court. This Order shall not prejudice in any way the rights of any Party to introduce as evidence at trial or other proceeding in this Action any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A Party that intends to present or that anticipates that another Party may present Protected Information at trial or other proceeding in this Action shall bring that issue to the Court's and Parties' attention by motion or in a pretrial or pre-proceeding memorandum or conference without disclosing the Protected Information itself. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or other proceeding in this Action. In the event Protected Information is used in open court during any proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Court orders otherwise. Before any court proceeding in which Protected Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Information.

12.    **Inadvertent Failure to Designate Protected Information as Such**.

Except as provided in Paragraph 5(c), inadvertent failure to designate documents or

information as Confidential Information and/or Attorneys' Eyes Only Information shall not constitute a waiver of the Producing Party's claim to confidentiality, provided that the Producing Party shall promptly notify the Receiving Party in writing within ten (10) business days after discovering the failure. Upon receipt of such notice, each Receiving Party shall treat the material identified in the notice as Confidential Information or Attorneys' Eyes Only Information, consistent with the terms of this Order. Each Receiving Party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information and/or Attorneys' Eyes Only Information, as defined by this Order. Disclosure of material to other persons and organizations prior to receipt of notice from the Producing Party shall not be deemed a violation of this Order unless the Receiving Party making the disclosure knew or had reason to know of the inadvertent failure to designate the material Confidential or Attorneys' Eyes Only (e.g., if a substantively identical copy of the same material was designated Confidential or Attorneys' Eyes Only). Notwithstanding the preceding sentence, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation and seek execution of the Confidentiality Agreement attached hereto as Exhibit A. The foregoing shall not apply to any documents that have already otherwise become publicly available.

13. **<u>Inadvertent Disclosure of Privileged Information</u>**. The disclosure by

a Party of privileged information shall not operate as a waiver of any otherwise applicable privilege or protection if the disclosure was inadvertent, the holder of the privilege took reasonable steps to prevent disclosure, and the holder promptly took reasonable steps to rectify the error, including by notifying the receiving Party of the inadvertent disclosure. When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed.R.Civ.P. 26(b)(5)(B). Insofar as the parties are subject to an order or reach an agreement under Fed.R.Evid. 502(d) or (e), such order or agreement is incorporated by reference herein with regard to the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. The foregoing is not intended to modify whatever procedure may be established in such an order or stipulation.

14.  **No Waiver of Privilege**. In accordance with Fed.R.Civ.P. 26(b)(5) and Fed.R.Evid. 502(d), the Parties acknowledge and agree that the production or provision of information, in and of itself, whether inadvertent or otherwise, is not a waiver of attorney-client privilege or attorney work product protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed.R.Evid. 502(d). The Parties further agree that if a Party produces or provides discovery that it believes is subject to a claim of

attorney-client privilege or attorney work product, the Producing Party may give written notice to the receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the Producing Party. The Receiving Party shall return to the Producing Party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any Party from moving the Court pursuant to Fed.R.Civ.P. 26(b)(5) and Fed.R.Evid. 502 for an Order that such document or thing has been improperly designated or should be produced. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged or protected information before production.

15. **No Admission**. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent. The Parties agree that a designation of information as "Confidential" or "Attorneys' Eyes Only Information" is not intended to be and shall not be construed as an admission that the Protected Information is relevant to a Party's claims or defenses, nor subject

to an applicable privilege or protection. Nothing in this Order shall be deemed an admission that any particular Protected Information is entitled to protection under this Order, Fed.R.Civ.P. 26(c) or any other law.

16.    **Order Survives Termination of Action**. This Order shall remain in full force and effect and survive the termination or conclusion of this Action, unless this Order is expressly modified or vacated by the Court, with all Parties having had notice and an opportunity to be heard.

17.    **Disposition of Protected Information**. At the conclusion of this Action, including through all appeals, each Party or other person subject to the terms hereof shall be under an obligation to destroy or return to the Producing Party all materials and documents containing Protected Information and to certify to the Producing Party such destruction or return. Such destruction or return of materials and documents shall take place within sixty (60) days of the conclusion of this Action but nothing shall relieve said Parties or persons from any of the continuing obligations imposed upon them by this Order. Notwithstanding the foregoing, outside counsel of record for each Party may retain one archive copy of all pleadings, documents, discovery material, and attorney notes, memoranda, and similar work product, even if they contain or reflect another Party's Protected Information, provided that such archive copy is stored in a secure manner where access is limited to outside counsel of record.

18.    **Court Retains Jurisdiction**. The Court shall retain jurisdiction over all persons or organizations authorized under Paragraph 7 to receive Protected Information for the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

19.    **Challenges to Confidentiality Designation**. No Party shall be obligated to challenge the propriety of a designation of "Confidential" or "Attorneys' Eyes Only" when initially received, and a failure to do so shall not preclude a subsequent challenge thereto, provided that the Receiving Party shall treat the information as Protected Information in accordance with the designation until any challenge is made and resolved. If at any time a Party disagrees with the designation of materials or information as "Confidential" or "Attorneys' Eyes Only," the Party challenging the designation (the "Challenging Party") shall do so in writing, and the Challenging Party and the Producing Party shall first meet and confer in good faith to attempt to resolve the dispute. The Challenging Party shall provide specific reasons as to why the materials or information are not properly designated as Confidential Information or Attorneys' Eyes Only Information. If it becomes necessary for the Court to resolve the dispute, the Challenging Party shall file the appropriate motion within fourteen (14) days after the first meet and confer to resolve the issue, unless the Parties agree to extend that time (e.g., if attempts to resolve the issue are continuing). Pending the Court's decision on the motion, the

19

information designated as Confidential Information or Attorneys' Eyes Only Information shall be treated as though it were Confidential Information or Attorneys' Eyes Only Information within the meaning of this Order. If the Challenging Party does not file such a motion within fourteen (14) days of the first meet and confer, and the Producing Party has not agreed to extend the time for filing such a motion, the information designated as Confidential Information or Attorneys' Eyes Only Information shall be treated as Confidential Information or Attorneys' Eyes Only Information within the meaning of this Order. Unless provided otherwise in this Order, the burden of justifying the designation of information as Protected Information shall lie with the Party claiming that the information should be treated as Confidential or Attorneys' Eyes Only. Nothing in this Order shall be construed as preventing any Party from objecting to the designation of any documents as "Confidential" or "Attorneys' Eyes Only" or preventing any Party from seeking further protection for any material it produces in discovery.

20.    **Subpoena by Other Courts or Agencies**. If a Party (or its agent, officer, employee, representative, or attorney) received a discovery request, subpoena, or other process not in connection with this Action ("Unrelated Process") that seeks disclosure of Protected Information, the Party shall immediately notify (via email and such other means as necessary to reasonably ensure prompt receipt of the notification) the Producing Party who designated the requested information or

documents as Confidential Information or Attorneys' Eyes Only Information of the Unrelated Process, provide a copy of the Unrelated Process to the Producing Party, and provide the Producing Party an opportunity to file a motion for protective order or take other appropriate action prior to the Party producing the requested information or documents. Furthermore, the Party receiving Unrelated Process shall immediately notify the individual or entity who served the Unrelated Process of this Order, and cooperate with respect to all reasonable procedures pursued by the Producing Party whose Protected Information may be affected. The Producing Party must notify the Party served with the Unrelated Process within seven (7) calendar days of receiving the notice and accompanying information whether the Producing Party intends to seek a protective order from the issuer of the Unrelated Process to avoid disclosure of the Protected Information. If the Producing Party timely seeks a protective order, the Party served with the Unrelated Process shall not produce any Protected Information before the issuer of the Unrelated Process determines the Producing Party's right to a protective order, unless the Producing Party consents to such production in writing. The Producing Party shall bear the burden and expense of seeking protection of its Protected Information before the issuer of the Unrelated Process. If the Producing Party fails to object or seek a protective order from the issuer of the Unrelated Process within seven (7) calendar days of receiving the notice and accompanying information, the Party served with Unrelated Process may

produce the Protected Information responsive to the Unrelated Process. Nothing in these provisions should be construed as authorizing or encouraging a Party in this Action to disobey a lawful directive from another court.

21.    **Additional Protective Orders**. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other Parties to modify this Order, subject to the Court's approval.

SO ORDERED this 28th day of October, 2025.

S/Clay D. Land
_____
THE HONORABLE CLAY D. LAND
United States District Judge

Through the undersigned counsel, the Parties consent to the entry of this Order.

/s/John G. Perry
John G. Perry
Georgia Bar No. 141609
Meghan Aubry
Georgia Bar No. 633349
**WOMBLE BOND DICKINSON (US) LLP**
1331 Spring Street NW, Suite 1400
Atlanta, Georgia 30309
(404) 872-7000
John.perry@wbd-us.com
meghan.aubry@wbd-us.com

Jacob G. Horton (*admitted pro hac vice*)
Tennessee Bar No. 025467
BLANCHARD HORTON PLLC
P.O. Box 5657
Oak Ridge, Tennessee 37831
(865) 269-2673
jhorton@blanchard-patent.com

*Counsel for Plaintiff*

/s/ Angelina Whitaker
Angelina Whitaker
Georgia Bar No. 370141
D. Barton Black
Georgia Bar No. 119977
**BLUE SKY LAW, LLC**
4045 Orchard Rd.
Building 400
Smyrna, Georgia 30080
(678) 496-9800
awhitaker@blueskylaw.com
bblack@blueskylaw.com

*Counsel for Defendant*

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of *Lincoln Memorial University v. Michael Center*, No. 3:25-CV-00048-CDL, pending in the United States District Court for the Middle District of Georgia. I understand and agree that the Stipulated Protective Order, which has been provided to me and I have read, prohibits me from using any Confidential Information or Attorneys' Eyes Only Information, including documents, for any purpose not appropriate or necessary to my participation in this Action, or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order. To the extent I have been given access to Confidential Information or Attorneys' Eyes Only Information, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know are authorized under the Stipulated Protective Order to have access to such information. I will return all materials containing Confidential Information or Attorneys' Eyes Only Information, copies thereof and notes that I have prepared relating thereto, to counsel for the Party with whom I am associated within sixty (60) days after the conclusion of this Action and destroy all versions thereof and any work product created from my records and record-keeping systems.

I agree to be bound by the Stipulated Protective Order in every aspect and to

be subject to the jurisdiction of the United States District Court for the Middle District of Georgia for purposes of its enforcement and the enforcement of my obligations under this Confidentiality Agreement. I understand that disclosure of information designated "Confidential" or "Attorneys' Eyes Only" in violation of this Confidentiality Agreement may constitute contempt of court. I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Printed Name

_____

Date

_____

Associated Party, if any